IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: HAWAII STATE ASBESTOS CASES ) ) ) This Document Applies To: ) ) ROGER E. NELSON and ROSALIE ) J. NELSON, ) ) Plaintiffs, ) ) vs. ) ) CRANE COMPANY, etc., et al., ) ) Defendants. ) _____ ) | CIVIL NO. 11-00400 LEK-KSC |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court is Plaintiffs Roger E. Nelson and Rosalie J. Nelson's ("Plaintiffs") Motion for Reconsideration ("Motion"), filed on September 27, 2011. On September 30, 2011, this Court issued an EO which, *inter alia*, found the Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The Court also stated that it would rule on the Motion without any further briefing from the parties. After careful consideration of the Motion and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

On September 26 2011, this Court issued the Order Granting Defendant's Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation ("Stay Order").[1]  The Court stayed the instant case, including Plaintiffs' Motion to Remand, until November 8, 2011 to allow the Multidistrict Litigation Panel ("MDL Panel") to render a final decision on whether to transfer the instant case to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875 ("MDL Court").  [Stay Order at 25-26.]

The Court noted, *inter alia*, that "[e]ven if the Court ruled on the Motion to Remand, the dissatisfied party could file a motion for reconsideration, and that motion would likely be pending when the MDL Panel renders its transfer decision[,]" and that it would be possible for the parties to re-litigate the remand issue before the MDL Court.  [Id. at 24-25.]  The Court therefore found that denying the stay would have some prejudice on Defendant and would waste this Court's judicial resources.  [Id. at 25.]  In the instant Motion, Plaintiffs argue that the Court should reconsider its Stay Order because, if the Court

---

[1] The Stay Order addressed Plaintiffs' Motion to Remand, filed June 30, 2011, and the Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation ("Motion to Stay"), filed by Defendant Air & Liquid Systems Corporation, successor-by-merger to Buffalo Pumps, Inc. ("Buffalo"), on July 13, 2011.

issued a remand order pursuant to 28 U.S.C. § 1447(c), it would not be subject to appeal or a motion for reconsideration. "Thus, this Court does have the power to make a final ruling on the Motion to Remand." [Mem. in Supp. of Motion at 2.]

Plaintiffs also argue that the Court must reconsider its analysis of the factors set forth in Ortiz v. Menu Foods, Inc., 525 F. Supp. 2d 1220, 1232 (D. Hawai`i 2007). In considering the first Ortiz factor, whether Plaintiffs would be prejudiced by a stay, the Court did not weigh the prejudice that Plaintiffs will allegedly suffer if the case is transferred to the MDL Court. [Stay Order at 23.] Plaintiffs contend that the Court must consider their prejudice from transfer because, "[i]f this court does not issue a decision on the remand motion within this normal lag time [between the conditional transfer order and the final decision on transfer], the case will certainly be transferred to MDL-875, and Plaintiffs will suffer all of the attendant delay and prejudice." [Mem. in Supp. of Motion at 2-3.]

**DISCUSSION**

This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006)

3

(citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1. "Mere disagreement with a previous order is an insufficient basis for reconsideration." Id. (citation omitted).

Plaintiffs are correct that 28 U.S.C. § 1447(d) states "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," and that "[t]his language has been universally construed to preclude not only appellate review but also reconsideration by the district court." Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988). If this Court granted Plaintiffs' Motion to Remand, the case would be sent immediately back to the state court, and it would no longer be subject to transfer by the MDL Panel. Thus, the Stay Order does contain an error of law insofar as it suggests that a motion for reconsideration could be filed after either an order granting Plaintiffs' Motion for Remand or an order denying the motion. Recognition of this error, however, does not change the Court's decision to stay the case.

If the Court denied Plaintiffs' Motion for Remand, the order would be subject to further review, and the parties could re-litigate the issue after transfer to the MDL Court. This would impose "some hardship and inequity upon Buffalo" and would result in duplicative litigation that wastes judicial resources.

[Stay Order at 25.]  Plaintiffs have not established that the legal error in the Stay Order requires the Court to change its ultimate decision to stay the case.

Similarly, Plaintiffs' argument that this Court erred in failing to consider the prejudice they allege they will suffer if the case is transferred also assumes that, if the Court ruled on the Motion to Remand immediately, it would grant the motion and the case would no longer be eligible for transfer to the MDL Court.  If the Court ruled on the Motion to Remand immediately and denied the motion, however, the case would remain eligible for transfer.  Plaintiffs would not be unduly prejudiced by a brief stay in that instance.  Arguably, if it were a foregone conclusion that Plaintiffs were entitled to remand, Plaintiffs would be prejudiced if this Court's decision to stay the case led to the transfer of the case to the MDL Court.  It is not, however, a foregone conclusion that Plaintiffs are entitled to remand.

The Court stated in the Stay Order that "after a preliminary assessment of the Motion to Remand, the Court cannot find that the removal was improper."  [Stay Order at 21.]  The Court also found that "the jurisdictional issues in this case are both difficult and similar or identical to those in cases transferred or likely to be transferred."  [Id. at 22 (citation and internal quotation marks omitted).]  In fact, after the

hearing on the Motion to Remand and a preliminary review of the parties' memoranda, the Court is inclined to deny the Motion to Remand.[2]  This Court therefore reaffirms its finding that the prejudice Plaintiffs allege they will suffer if the case is transferred to the MDL Court is not relevant to the issue whether Plaintiffs will be unduly prejudiced by a brief stay of this case to allow the MDL Panel to make a final decision on the transfer of the case.

Plaintiffs have failed to establish any ground that requires reconsideration of the Stay Order.  Plaintiffs merely disagree with this Court's ruling, and that is not a sufficient basis for reconsideration.  See White, 424 F. Supp. 2d at 1274.

**CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration, filed September 27, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 6, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**IN RE: HAWAII STATE ASBESTOS CASES; NELSON V. CRANE CO., ET AL;**

---

[2] The Court emphasizes that this is not the Court's final ruling on the Motion to Remand.  The Court expresses its inclination only as one of the reasons supporting its conclusion that reconsideration of the Stay Order is not warranted.

6